IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CODY S. MAYHEW,

      Plaintiff,

v.                                            Civil Action No. 3:22cv568

ROGER L. HARRIS., *et al.*,

      Defendants.

### MEMORANDUM OPINION

This matter comes before the Court on Defendants Roger L. Harris, John Kcraget, and Steve A. Noakes', (collectively, "Defendants"), Motion to Strike. (ECF No. 11.) Plaintiff Cody S. Mayhew responded in opposition, (ECF No. 20), and Defendants replied, (ECF No. 22). Accordingly, this matter is ripe for disposition.

The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons stated below, the Court will GRANT IN PART Defendants' Motion to Strike. (ECF No. 11.) In addition, the Court, on its own initiative, will strike Counts III, VII, VIII, and IX of the Amended Complaint. (ECF No. 9.)

### I. Background

On August 23, 2022, Mayhew filed a nine-count Complaint against Defendants. (ECF No. 1.) On October 6, 2022, Defendants filed their Answer. (ECF No. 4.)

#### Mayhew's Improper Complaint

On December 7, 2022, the Court held an Initial Pretrial Conference in this case. From the bench, the Court ordered Mayhew to amend his Complaint to plead with particularity the

causes of action and legal basis by which the Court could grant the relief requested. Specifically, the Court ordered Mayhew's counsel to cure the Complaint by identifying what statutes supported each count. (ECF No. 18, 6–9.) By extension, the Court also ordered Mayhew's counsel to remove counts that had no statutory basis[1] or that spoke to remedies that did not constitute a cause of action.[2] (ECF No. 18, 6–9.) On December 21, 2022, Mayhew filed an Amended Complaint. (ECF No. 9.) As the Court will discuss, Mayhew's Amended Complaint follows virtually none of the Court's orders.

On January 4, 2023, Defendants filed a Motion to Strike pursuant to Federal Rules of Civil Procedure 12(e) and 12(f). (ECF No. 11.) Mayhew opposed the Motion to Strike, (ECF No. 20), and Defendants replied, (ECF No. 22). Incongruently, Defendants also filed an Answer contemporaneous to its Motion. (ECF No. 13.)

## II. Standards of Review

### A. Federal Rule of Civil Procedure 12(e)

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement. Rule 12(e) provides in pertinent part that "[a] party may move for a more definite

---

[1] In the original Complaint, Mayhew identified Count III as "spoliation." (ECF No. 1, at 26.) Spoliation cannot be raised in *any* complaint as a separate, actionable claim. Spoliation speaks to an evidentiary principle that arises as part of discovery or, for instance, in a pretrial motion *in limine*.

[2] During the Initial Pretrial Conference, the Court reviewed with Mayhew's counsel the original Complaint's second Count V (punitive damages), Count VI (attorney and expert fees), and Count VII (demand for a jury). *See* (ECF No. 18, at 8–9.) The Court identified the first two as remedies. (ECF No. 18, at 9.) Remedies are not appropriate for listing as separate counts. The Court also identified for Mayhew's counsel that the demand for a jury trial does not "necessarily have to be a count." (ECF No. 18, at 9.) Indeed, it never is.
Finally, the Court ordered Mayhew to correct his improper numbering of counts to eliminate the duplicative counts. *See* (ECF No. 18, at 8–9). Mayhew lists two "Count IV"s as well as two "Count V"s in his original Complaint. (ECF No. 9, at 21–24.)

2

statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a pleading[.]" Fed. R. Civ. P. 12(e).

"A motion for more definite statement will only be granted if the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Hogsdon v. Virginia Baptist Hosp., Inc.*, 482. F.2d 821, 824 (4th Cir. 1973). A complaint does not need to "make a case" against a defendant, rather, the sufficiency of a complaint depends on "whether the document's allegations are detailed and informative enough to enable the defendant to respond." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 349 (4th Cir. 2005) (internal quotation marks and citations omitted).

Finally, "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e).

### B. Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may act "on motion made by a party" or "on its own." *Id.* Rule 12(f) requires that the moving party make a motion to strike before responding to the pleading at issue if it is one to which a response is allowed. Fed. R. Civ. P. 12(f). Furthermore, "the Rule prescribes no time limit on the Court's ability to act *sua sponte*, if it deems such action proper." *Trustees of Columbia Univ. in City of New York v. Nortonlifelock, Inc.*, No. 3:13cv808, 2021 WL 8895280, at *1 (E.D. Va. Dec. 23, 2021) (quoting *SEC v. Am. Growth Funding II, LLC*, No. 16cv828, 2016 WL 8314623, at *4 (S.D.N.Y. Dec. 30, 2016)).

## III. Analysis

On January 4, 2023, Defendants filed both a Motion to Strike, (ECF No. 11), and an Answer to Mayhew's Amended Complaint, (ECF No. 13). In the Motion to Strike, Defendants ask the Court either to strike Mayhew's Amended Complaint in full pursuant to [Federal Rule of Civil Procedure] 12(e) because "the Court required an amended complaint that provided specificity of law analogous to a Rule12(e) ruling and Mayhew has not complied with that order," (ECF No. 12, at 4), or, in the alternative, "to strike Counts II, III, VII, VIII, and IX [pursuant to Federal Rule of Civil Procedure 12(f)] . . . because [the Counts] allege no discernible cause of action of any kind, [and] instead seem[] to be prayers for relief or evidentiary rulings for trial," (ECF No. 12, at 5). Seemingly in contradiction, in the Answer that Defendants filed on the same day, Defendants fully respond to the Complaint—including Counts II, III, VII, VIII, and IX, which Defendants characterize as indiscernible in the Motion to Strike. (ECF No. 13.)

### Defendants' Partially Inconsistent Response

While Defendants are correct that Mayhew failed to comply with the Court's order, Defendants themselves also have not closely followed the Federal Rules of Civil Procedure. Both Federal Rule of Civil Procedure 12(e) and Federal Rule of Civil Procedure Rule 12(f) require a moving party to make a motion for relief before responding to the pleading at issue if

4

the pleading is one to which a response is allowed.[3] Fed. R. Civ. P. 12(e);[4] Fed. R. Civ. P. 12(f).[5]

In the instant action, Defendants filed their Answer on the same day that the Motion was filed. Because Defendants have readily filed an Answer, they cannot also claim that the Amended Complaint is "so vague and ambiguous" that they cannot reasonably be required to frame a responsive pleading, or that responding would "prejudice Defendants because it requires them to provide legal defenses to causes of action that do not actually exist and are a distraction." (ECF No. 12, at 6.) Defendants undermine their arguments in the Motion by filing an Answer which raises no objections to "vague or ambiguous counts," Fed. R. Civ. P. 12(e), or to "redundant, immaterial, impertinent, or scandalous matter," Fed. R. Civ. P. 12(f).

After Mayhew filed his Amended Complaint pursuant to this Court's dictate, Defendants not unreasonably characterized it as a noncompliant pleading under Federal Rule of Civil Procedure (12)(e). They ask the Court to strike the Amended Complaint in full pursuant to Federal Rule 12(e). (ECF No. 12, at 2.) Rule 12(e) provides that "[i]f the court orders a more

---

[3] While the Motion was docketed before the Answer, both pleadings were filed on the same day. As other courts have noted, because the party filed their motion on the same day they filed their answer, "the Court would be hard-pressed to conclude that the [claim] is so vague and ambiguous that the plaintiffs could not reasonably be required to frame a responsive pleading." *Rockwell Mining, LLC v. Pocahontas Land LLC*, 2020 WL 7489758, *2 (S.D. W. Va. 2020); *see also Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993) (denying on these bases a Rule 12(e) motion filed the same day as the answer).

[4] Federal Rule 12(e) provides in pertinent part that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a pleading[.]" Fed. R. Civ. P. 12(e).

[5] Federal Rule of Civil Procedure 12(f) authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act . . . on its own[,] or . . . on motion made by a party . . . before responding to the pleading." Fed. R. Civ. P. 12(f).

5

definite statement and the order is not obeyed[,]. . . . the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). The United States Court of Appeals for the Fourth Circuit has made clear that "a motion for more definite statement will only be granted if the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading." *Hogsdon*, 482. F.2d at 824. Defendants have framed a responsive pleading, so the Court cannot grant their motion for a more definite statement.

Defendants, in the alternative, move to strike Counts II, III, VII, VIII, and IX of the Amended Complaint pursuant to Rule 12(f). Federal Rule 12(f) authorizes a court, "act[ing] . . . on its own" or "on motion made by either party" to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter[.]" Fed. R. Civ. P. 12(f). Rule 12(f) "prescribes no time limit on the Court's ability to act *sua sponte*, if it deems such action proper." *Trustees of Columbia*, 2021 WL 8895280, at *1 (internal quotation and citation omitted).

The Court could appropriately strike aspects of the Amended Complaint under either provision. In order to effectuate "the just, speedy, and inexpensive determination" of this proceeding, Fed. R. Civ. P. 1, the Court will grant in part Defendants' Motion to Strike and *sua sponte* strike Counts III, VII, VIII, and IX.[6]

### Mayhew's Deficient Amended Complaint

To begin, Mayhew incorrectly states that "there was *no instruction* from the Court to plaintiff's counsel to amend his pleading to plead with particularity the causes of action and legal basis by which this Honorable Court could grant the relief requested." (ECF No. 20, at 1 (emphasis in original).) During the December 7, 2022 Initial Pretrial Conference, the Court

---

[6] The Court will not strike Count II. Although Mayhew did not comply with the Court's order to plead this Count with particularity, a cognizable cause of action can be discerned in this claim of "unlawful seizure of . . . cellphone." (ECF No. 9, at 20.)

6

"order[ed] . . . [Mayhew to] file an amended complaint." (ECF No. 18, at 9.) The Court told Mayhew that "each count has to have a basis," (ECF No. 18, at 6), and that because the Court "[has] to apply the right law, [Mayhew must] commit to what [he is] bringing [each cause of action under] and [show that he has] a basis to do that," (ECF No. 18, at 8); *see also* (ECF No. 6, at 1 ("The Court ORDERS Plaintiff to file an amended complaint. . . . The amended complaint SHALL COMPLY with the instructions set forth from the bench.").)

While Mayhew filed an Amended Complaint within the Court's deadline, the Amended Complaint fails to rectify the previous Complaint's faults, and fails to comply with the Court's order. Overall, the Court agrees with Defendants' assessment that the "Amended Complaint contains little to no edits to the original Complaint, still alleg[es] several 'non-causes' as counts and contains little specific legal basis as required by the Court's Order." (ECF No. 12, at 2.) For the reasons articulated below, the Court will strike Counts III, VII, VIII, and IX of the Amended Complaint. The Court will analyze these counts seriatim.

The Court will strike Count III, "Spoliation of Evidence," because spoliation is not a cause of action. (ECF No. 9, at 20.) During the Initial Pretrial Conference, the Court stated that for Count III, "spoliation of evidence, there's no statute identified . . . I don't know what you're bringing that under."[7] (ECF No. 18, at 7.) In Count III of the Amended Complaint, Mayhew cites 42 U.S.C. § 1983 as well as Virginia Code § 8.01-379.2:1. However, Mayhew provides no basis by which spoliation of evidence is a *cause of action*. He does not because he cannot. It is black letter law that "[s]poliation of evidence, standing alone, does not constitute a basis for a civil action under . . . federal . . . law." *Turner v. U.S.*, 736 F.3d 274, 282 n. 5 (4th Cir. 2013);

---

[7] This admonishment, as those after it, was worded in a way to avoid giving legal advice to a party.

*see also Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001) ("while the spoliation of evidence may give rise to court imposed sanctions deriving from this inherent power, the acts of spoliation do not themselves give rise in civil cases to substantive claims or defenses.") Furthermore, Virginia Code § 8.01-379.2:1, upon which Mayhew relies, plainly states that "[n]othing in this section shall be interpreted as creating an independent cause of action for negligent or intentional spoliation of evidence." Va. Code § 8.01-379.2:1(C). Because the spoliation of evidence is not a cause of action, Count III will be struck.

Next, the Court will strike Count VII, "Aggravation of Wrongs, Punitive Damages," and Count VIII, "Claim for Attorney's and Expert's Fees," because they are remedies or post-trial awards, not causes of action. During the Initial Pretrial Conference, regarding what is now Count VII, the Court stated that, "punitive damages really are a remedy, so I want you to clarify what you're seeking [in the punitive damages count]." (ECF No. 18, at 9.)

The Amended Complaint does not clarify how Mayhew seeks to bring punitive damages *as a cause of action*. He cannot clarify this because punitive damages are not a *cause of action* Accordingly, Count VII will be struck. Similarly, during the hearing, the Court stated that Mayhew's claim for expert and attorney fees involved a type of remedy, not a *cause of action*. (ECF No. 18, at 9.) The Amended Complaint does not clarify how Mayhew seeks to bring Count VIII, Attorney and Expert Fees, *as a cause of action*. Therefore, Count VIII will be struck.

Finally, the Court will strike Count IX, "Demand for Jury," because it is a procedural request, not a cause of action.[8] (ECF No. 18, at 9.)

---

[8] The Court is careful to note that while Counts III, VII, VIII, and IX are excised *as counts*, this does not prevent these issues from being raised during trial, so long as that is done in a procedurally correct fashion.

8

The Court ADMONISHES counsel for Mayhew—a second time—that he must follow the binding rules and the Court's orders. Future failure to comply might be deemed sanctionable conduct. As to the remaining Counts, the Court will treat the responses in Defendants Answer as operative as the case proceeds. (ECF No. 13.)

### III. Conclusion

For the reasons stated above, the Court GRANTS IN PART Defendants Motion to Strike. (ECF No. 11.) In addition, the Court STRIKES Counts III, VII, VIII, and IX of the Amended Complaint, (ECF No. 9), *sua sponte* pursuant to Federal Rule of Civil Procedure 12(f). As to Counts I, II, IV, V, and VI, the Court recognizes Defendants Answer, (ECF No. 13), as their responsive pleadings to those causes of action for purposes of the record.

It is SO ORDERED.

Date: 02/17/23
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge